*In re* MARRIAGE OF STEPHEN W. O'NEILL, Petitioner-Appellee, and CAROLE SUE O'NEILL, Respondent-Appellant.

Fourth District   No. 4—88—0757

Opinion filed July 13, 1989.

Charles J. Gramlich, of Gramlich Law Offices, P.C., of Springfield, for appellant.

Duane D. Young and Mark Rabin, both of Long, Rabin & Young, Ltd., of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

Respondent Carole O'Neill appeals from the trial court's order, which disposed of the marital property, and determined maintenance, child support, and payment of attorney fees. In its order, the trial court found no dissipation of assets and denied respondent's claim for petitioner Stephen O'Neill's share of the residence.

Respondent argues on appeal that the trial court erred in not finding dissipation by petitioner, and in not awarding the entire residence asset to her, pursuant to the provisions of sections 504(b) and 503(g) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 504(b), 503(g)). Because of our holding below, we need not specifically discuss the court's division of the marital residence.

During the marriage, petitioner was charged with attempt to commit rape. He declared his innocence to his wife and, with her approval, used $15,000 of marital funds to hire defense counsel. He was convicted and, subsequently, admitted his guilt. The evidence given at the hearing on the property division did not indicate the marriage was undergoing an irreconcilable breakdown at the time of the $15,000 expenditure for attorney fees. Respondent, in answer to the court's question, stated that she did not know if she would have approved the $15,000 payment had she been aware of her husband's guilt. Two of the factors the trial court is to consider in dividing marital property are the "contribution or dissipation of each party." Ill. Rev. Stat. 1987, ch. 40, par. 503(d)(1).

The trial court determined there was no dissipation. The main asset was the equity in the family home, and this real estate interest was split equally between the parties, subject, however, to respondent's use of the property for the benefit of the children under the provisions of section 503(d)(4) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(d)(4)).

It is unclear whether the trial court's decision was based on the various appellate court cases inferring dissipation is limited to a period of time when there was an irreconcilable breakdown of the marriage (see *In re Marriage of Partyka* (1987), 158 Ill. App. 3d 545, 549, 511 N.E.2d 676, 680; *In re Marriage of Aslaksen* (1986), 148 Ill.

App. 3d 784, 788, 500 N.E.2d 91, 93-94; *In re Marriage of Sevon* (1983), 117 Ill. App. 3d 313, 317, 453 N.E.2d 866, 869; *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 51, 448 N.E.2d 545, 548; *In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 462, 426 N.E.2d 1087, 1094; *Klingberg v. Klingberg* (1979), 68 Ill. App. 3d 513, 517, 386 N.E.2d 517, 521), or on the fact that respondent had approved the expenditure. We now find the trial court erred, and we repudiate any ruling that says dissipation is limited in time to conduct which takes place during an irreconcilable breakdown of the marriage.

The reputed theory or, as some may say, rule of law, evolved from an innocuous statement in *Klingberg*. In that case, it was clear the husband wrongfully used marital funds to prepay child support payments that were an obligation from a prior marriage. This wrongful use took place when the parties of the current marriage were separated. The statement from *Klingberg* is as follows:

"Rather, the respondent's action was designed to use marital property for his sole benefit and for a purpose unrelated to the marriage, at a time that the marriage was *undergoing an irreconcilable breakdown*." (Emphasis added.) (*Klingberg*, 68 Ill. App. 3d at 517, 386 N.E.2d at 521.)

This statement is consistent with the case law prior to the October 1, 1977, effective date of the Act, as is illustrated by *Gercke v. Gercke* (1928), 331 Ill. 413, 163 N.E. 323. See also *In re Estate of Chandler* (1980), 90 Ill. App. 3d 674, 676, 413 N.E.2d 486, 489.

■ Since October 1, 1977, section 503(d) has provided that the court:

"[S]hall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:

(1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-marital property, including the contribution of a spouse as a homemaker or to the family unit." (Ill. Rev. Stat. 1987, ch. 40, par. 503(d).)

No provision within the Act limits dissipation to a time when the marriage is undergoing an irreconcilable breakdown. Similarly, we know of no argument ever having been made suggesting the contribution benefits should be considered only if they took place during a specific time of the marriage.

It is assumed that the theory for limiting the time period for which dissipation can be considered evolved from the quoted sentence from *Klingberg*. Of the cited cases, all cite *Klingberg* except for *Par-*

*tyka,* and *Partyka* cites *Hellwig,* which, in turn, has cited *Klingberg.* None of the cited cases have dealt with dissipation which had taken place prior to the irreconcilable breakdown of the marriage. *Klingberg* correctly stated the law as it existed prior to the Act, but the Act adopted the concept of marital property, greatly expanding the rights of those in the marital partnership.

■ Nothing in the history of the Act would indicate the consideration of dissipation should be restricted to a time period different from the consideration period for contribution. We have been unable to find a single case which presents an analysis of why the time of dissipation should be restricted to the time of irreconcilable breakdown of the marriage. If a spouse dissipates marital property, for example, by excessive gambling or extravagant purchases of clothing, why should the other spouse be punished for continuing with the marriage? The reasons for maintaining a marriage, including the benefit to children and religious requirements, are important. Logic calls for the consideration of dissipation during the same time period a court would consider contribution.

Some will fear that our opinion will open Pandora's box, creating havoc by encouraging parties to argue dissipation exists because of every insignificant wasteful act. The present case involves an action which seriously affected the marital estate and cannot be considered insignificant. Trial courts have the ability to weigh the facts and separate dissipation from generally accepted expenditures. Whether a given course of conduct constitutes dissipation within the meaning of the Act depends on the facts of the particular case. *In re Marriage of Siegel* (1984), 123 Ill. App. 3d 710, 719, 463 N.E.2d 773, 780.

As to whether the commission of a criminal offense by one spouse, with the economic losses which naturally flow from it, can be considered dissipation appears to be an issue of first impression. Once again, every case will depend on its own facts. The facts in the present case require a finding of dissipation.

Petitioner contends dissipation cannot be considered because respondent acquiesced in the $15,000 payment of attorney fees. (*In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 331, 491 N.E.2d 894, 901.) The alleged dissipation in *Aud* related to payments made for the support of the defendant's widowed mother. Plaintiff had acquiesced in the payments, which had been made for a substantial period of time. We do not fault the *Aud* opinion, and find that there is no comparison between a child helping support a widowed mother, and a spouse who commits a criminal act resulting in substantial attorney fees and other economic losses. In the present case, respondent did

agree with the expenditures, but did so after falsely being told by petitioner of his innocence.

■■ ■ Acquiescence is defined as passive assent or agreement without protest, and we do not intend to indicate by this opinion that its presence bars a finding of dissipation, or even that it creates a presumption against dissipation. As we have indicated, the nondissipating spouse may acquiesce in conduct that dissipates assets for various reasons, including family harmony. The dissipation may still be a factor to consider in dividing the family assets. A different result may take place when both spouses agree to and participate in the dissipation. Acquiescence may become a factor to be considered by the court in determining whether there is dissipation but, in this case, the fact that respondent was uncertain as to what she would have done or how she would have acted if she had been initially told of petitioner's guilt is not justification for the decision against dissipation. The trial court was in error in finding that dissipation should not be considered in the distribution of the marital assets.

Because this matter must be remanded for further consideration of property distribution, we find that it is not necessary to consider other arguments by respondent.

Reversed and remanded to the trial court for determining the division of marital assets consistent with the dictates of this opinion.

Reversed and remanded with directions.

KNECHT and GREEN, JJ., concur.